JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | ED CV 20-00286-AB (SHKx) | Date: | April 27, 2020 |
|---|---|---|---|

Title: *Rosa Amanda Florian et al v. FCA US LLC et al*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **REMANDING** ACTION TO STATE COURT

Defendant FCA US LLC ("Defendant") removed this action based on diversity jurisdiction. *See* Notice of Removal. Upon review of the Notice of Removal, the Court finds that Defendant has failed to establish complete diversity between the parties because it has not established its own citizenship. The Court therefore **REMANDS** this action to state court.

## I. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Gaus v. Miles, Inc.*, 980 F.2d. 564, 566-67 (9th Cir. 1992).

For an action based on diversity of citizenship, the parties must be citizens of different states and involves an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1).

## II.   DISCUSSION

Defendant has not established complete diversity of citizenship because it has not adequately alleged its own citizenship. Defendant's Notice of Removal states that is it "Delaware Limited Liability Company with its principal place of business in Auburn Hills, Michigan." Notice of Removal ¶ 11. But Defendant's name—FCA US LLC—indicates that it is a limited liability company. The citizenship of a partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). To properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606 (9th Cir. 2016). Because Defendant has not identified all of its members, or each member's citizenship, Defendant has not properly alleged its citizenship.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). This is particularly true for a removing defendant, who is presumed to know the facts surrounding its own citizenship. *See, e.g., Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) ("[A] corporate defendant, like any other, is presumed to know its own citizenship").

Defendant bears the heavy burden of establishing that removal was proper. Having failed to establish its own citizenship, Defendant necessary failed to establish complete diversity between the parties. The Court therefore **REMANDS** this action to the state court from which it was removed.

**IT IS SO ORDERED**.